**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **BRIAN M. SNOW, AIS #228680,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.:** |
| ) | **2:17-CV-149-RAH-SRW** |
| **LT. HINES**, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**<u>OBJECTION IN PART TO THE RECOMMENDATION
OF THE MAGISTRATE JUDGE</u>**

**<u>GENERAL OBJECTIONS</u>** are asserted on the Recommendation of the Magistrate Judge ("Recommendation") (Doc. 37) that Defendants Lt. Derrick Hines and Correctional Officer Cedric Weathers summary judgment motion be denied as to Plaintiff's Eighth Amendment claims for Excessive Force and Failure to Protect. (Recommendation, p. 22). Plaintiff Snow relies on conclusory allegations and has failed to state a claim for which relief can be granted. Further, Plaintiff Snow's belated version of events is contrary to and contradicted by the record.

**<u>CONCURRENCE</u>** is asserted with respect to all recommendations that summary judgment be granted in favor of all Defendants in their official capacities and the recommendation that summary judgment also be granted in favor of Warden John E. Crow and Captain Ronzella Howard in their individual capacities as follows:

- That "defendants' motion for summary judgment as to the plaintiff's claims seeking monetary damages from them in their official capacities be GRANTED and these claims be DISMISSED with prejudice because the defendants are entitled to absolute immunity from such damages." (Recommendation , p. 21); and

- That the "motion for summary judgment on behalf of the defendants Warden John E. Crow and Captain Ronzella Howard in their individual capacities be GRANTED and these defendants be DISMISSED as parties to this action." (Recommendation , p. 22).

## SPECIFIC OBJECTIONS

**OBJECTION 1:**

Objection is asserted regarding the Court's conclusion about Snow's factual allegations: "The Court concludes that the factual allegations in Snow's complaint, taken as true, demonstrate that an objectively substantial risk of serious harm existed to Snow prior to the altercation and that both defendants Officer Weather and Lieutenant Hines 'disregarded that known risk by failing to respond to it in an objectively reasonable manner.' Johnson, 568 F. App'x at 721." (Recommendation p. 20).

**RESPONSE 1**:

Respectfully, there was no known risk of serious harm. On January 5, 2017, while conducting a Security check in D-Dormitory, Officer Weathers observed Plaintiff Snow and inmate Lawson engaged in a verbal altercation (Doc. 23-2) and at approximately 2:05 a.m. Officer Weathers notified Lt. Hines

2

about the verbal altercation. (Doc. 23-2). At no point did Plaintiff indicate that he was afraid of the other inmate or that he (the Plaintiff) had placed the Defendants on notice that the alleged inmate had issued a specific threat to his safely. An inmate "normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." McGill v. Duckworth, 944 F.2d 344, 349 (7th Cir.1991); *overruled in part on other grounds by* Farmer. Such is not the case here.

**OBJECTION 2:**

Objection is asserted regarding the Court's first finding: "First, Snow alleges that he had an altercation with another inmate, which Weather reported to Hines. Doc. 1, p. 3." (Recommendation , p. 20).

**RESPONSE 2**:

Respectfully, it is significant to note that Officer Weather reported to Lt Hines that Snow was in a "verbal" altercation with another inmate. (Doc. 23-1; (Doc. 23-2). There is no indication that Officer Weather or Lt Hines had any understanding that inmate Snow was in a physical altercation with the other inmate and/or that anything other than a verbal altercation was reported to Lt. Hines. Furthermore, the substance of the verbal altercation is unknown.

**OBJECTION 3:**

Objection is asserted regarding the Court's second finding: "Second, Snow maintains that Hines told him he had to fight the other inmate or 'he was going to beat me up.' Doc. 1, p. 4."

**RESPONSE 3:**

The record is devoid of evidence, other than Plaintiff's conclusory allegations, that he was injured in a fight that Plaintiff belatedly claims Lt. Hines purportedly forced him to engage in with another inmate. Lt Hines has testified via his affidavit, that at no time did he, Lt. Hines, force Plaintiff Snow to fight inmate Lawson or any other inmate. (Doc. 23-1). The record is further devoid of any evidence that this alleged fight occurred, as described, other than Plaintiff's conclusory, self-serving allegation. The record reflects that Lt. Hines reprimanded both inmates, (Doc. 23-1), after Officer Weathers escorted then to the Shift Office. (Docs. 23-1 and 23-2). The record further reflects that it was the inmates who continued to taunt each other and grabbed each other attempting to fight. (Docs. 23-1 and 23-2). However, notwithstanding Plaintiff Snow's unsubstantiated allegation to the contrary, when Snow and the other inmate grabbed each other and attempted to fight, *they were separated immediately and the issue was resolved*. (Docs. 23-1 and 23-2 *Emphasis Added*). Moreover, the inmates signed a living agreement. (Doc. 23-1).

**OBJECTION 4:**

Objection is asserted regarding the following additional court finding: "Finally, Snow alleges that after the other inmate 'punched [him] in the face and slammed [him] to the ground,' punched [him] in the face and slammed [him] to the ground," and Hines and Weather "stood [him] up," Doc. 1, pp. 4-5. "L.t. Hines told me and the other inmate and myself to continue fighting, and the other inmate rushed me and slammed me again to the ground injuring my right

4

sholder [sic]." Doc. 1, p. 5.  Hines and Doc. 1, pp. 4-5." (Recommendation, p. 20).

**RESPONSE 4:**

There is nothing to support Plaintiff's Snow's allegation that Hines and Weather allegedly 'stood [him] up' after Snow was allegedly slammed to the ground.  Officer Weather testified via his affidavit that he saw  Plaintiff Snow and inmate Lawson engaged in a verbal altercation and notified  Lt. Hines about the same.  (Doc. 23-2).  Officer Weather further testified that he escorted both inmates to the Shift Office where the inmates continued to taunt each other and grabbed each other attempting to fight.  (Doc. 23-2).  Officer Weather's testified that they were separated immediately, and the issue was resolved and both inmates signed a living agreement.  (Docs. 23-2; Doc. 23-4).  According to Officer Weathers, these aforementioned stated facts (which do not include Plaintiff's Snow's baseless allegation) are the entirety of Officer Weathers involvement with Plaintiff Snow.  (Doc. 23-2).  Thus, as noted above, beyond Plaintiff's conclusory allegation, there is no evidence that Officer Weather witnessed and/or in any way participated in the above referenced alleged fight.

Moreover, inmate Snow's allegation in his Complaint regarding being allegedly punched in the face and allegedly lammed to the ground is contrary to Plaintiff Snow's medical records and also contradicts Snow's prior statements as well as inmate witness statements regarding this alleged incident and how Snow hurt his right shoulder.

5

For example, during questioning, Plaintiff Snow undermines his above-referenced belated allegation regarding being purportedly injured in an inmate fight that Lt. Hines purportedly instigated, by telling Lt. Hines that he, the Plaintiff, had hurt his shoulder previously by jumping off his rack in the dorm. (Doc. 23-1). Another inmate, namely inmate Hunter, stated that he observed Plaintiff Snow fall from his bed and injure his shoulder. (Doc. 23-5). This is the same inmate who Plaintiff Snow, during questioning by Captain Howard, asked Captain Howard to speak to for the truth. (Doc. 23-5). The fact that Plaintiff Snow's injury was the result of a fall and not the result of an alleged fight is further substantiated by Snow's body chart and additional inmate witnesses.

Specifically, according to the inmate statement section on Plaintiff Snow's Inmate Body Chart Documentation Form, ("Body Chart")Plaintiff Snow told the nurse, "I fell backwards on to floor and landed on my RT shoulder." (Doc. 23-5),

Moreover, results of the medical examination reflected on the Body Chart itself contradicts and undermines Plaintiff Snow's belated allegation that he was allegedly "punched in the face and slammed to the ground" which reads as follows: that "Rt Shoulder – obvious displacement noted with bruising noted to top of Rt clavicle bone. Small cut to right forearm underneath. *No other injuries seen to head, face, chest, legs left arm, or back.* (See Description of Markings on Body Chart at Doc. 23-3, p. 77, *emphasis added*, also see photographs at Doc. 23-4, pp. 11-13).

At no point did Plaintiff indicate that he was afraid of the other inmate or that he had placed the Defendants on notice that the alleged inmate had issued a specific threat to his safely. An inmate "normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." McGill v. Duckworth, 944 F.2d 344, 349 (7th Cir.1991); *overruled in part on other grounds by* Farmer.

The record is devoid of evidence, other than Plaintiff's conclusory allegations, that he was injured in a fight Lt. Hines purportedly forced him to engage in with another inmate. The body chart reads that "Rt Shoulder – obvious displacement noted with bruising noted to top of Rt clavicle bone. Small cut to right forearm underneath. *No other injuries seen to head, face, chest, legs left arm, or back*. (See Description of Markings on Body Chart at Doc. 23-3, p. 77, *emphasis added*, also see photographs at Doc. 23-4, pp. 11-13).

Plaintiff's conclusory allegations are contrary to the established record. Two (2) inmate handwritten statements dated January 5, 2017, indicate that Plaintiff fell and hurt himself. (Doc. 23-4, pp. 4-5). The third inmate handwritten statement, from the other inmate (Doc. 23-4, p. 8), makes no reference to the alleged fight in issue.

On Thursday, January 5, 2017 at 2:50 a.m., Plaintiff stated that "I fell backwards on to floor and landed on my right shoulder. (See Inmate Statement on Body Chart at Doc. 23-3, p. 77 and Doc. 23-4, p. 3). The Emergency Department Referral form reads that "He fell on the floor -slipped and landed on

his right shoulder – causing it to pop out of place - ? collar bone-FX". (See Emergency Department Referral form at Doc. 23-3, p. 80). Also, on January 5, 2017, another medical form reads, in pertinent part, that Plaintiff "slipped and fell onto concrete floor landing on Rt shoulder" and "fall on to floor". (See Nursing Encounter Tool form at "Chief Complaint and "Describe injury" at Doc. 23-3, p. 81) And, on Tuesday, January 10, 2017, Plaintiff's chief complaint was his right shoulder pain, which was caused by trauma he experienced when "I fell" on January 5, 2017. (See Doc. 23-3, p. 74, Nursing Encounter Tool form).

**OBJECTION 5:**

Objection is asserted as to "'Lt. Hines told me and the other inmate and myself to continue fighting, and the other inmate rushed me and slammed me again to the round injuring my right shoulder [sic].' Doc. 1, p. 5." (Recommendation , pp. 20-21).

**RESPONSE 5:**

Plaintiff's conclusory allegations are contrary to the established record. Two (2) inmate handwritten statements dated January 5, 2017, indicate that Plaintiff fell and hurt himself. (Doc. 23-4, pp. 4-5). The third inmate handwritten statement, from the other inmate (Doc. 23-4, p. 8), makes no reference to the alleged fight in issue.

On Thursday, January 5, 2017 at 2:50 a.m., Plaintiff stated that "I fell backwards on to floor and landed on my right shoulder. (See Inmate Statement on Body Chart at Doc. 23-3, p. 77 and Doc. 23-4, p. 3). The Emergency Department Referral form reads that "He fell on the floor -slipped and landed on

his right shoulder – causing it to pop out of place - ? collar bone-FX". (<u>See</u> Emergency Department Referral form at Doc. 23-3, p. 80). Also, on January 5, 2017, another medical form reads, in pertinent part, that Plaintiff "slipped and fell onto concrete floor landing on Rt shoulder" and "fall on to floor". (<u>See</u> Nursing Encounter Tool form at "Chief Complaint and "Describe injury" at Doc. 23-3, p. 81) And, on Tuesday, January 10, 2017, Plaintiff's chief complaint was his right shoulder pain, which was caused by trauma he experienced when "I fell" on January 5, 2017. (<u>See</u> Doc. 23-3, p. 74, Nursing Encounter Tool form).

**OBJECTION 6:**

Objection is asserted regarding the Court's conclusion: "Thus, the court concludes that plaintiff's allegations satisfy the objective component of his deliberate indifference claims." (Recommendation , p. 21).

**RESPONSE 6:**

Respectfully, Plaintiff Snow failed to demonstrate an objectively substantial risk of serious harm existed to him and that the defendant[s] disregarded that alleged known risk by failing to respond to it in an objectively reasonable manner. As noted herein, Officer Weathers observed a verbal altercation between Plaintiff Snow and another inmate, reported the same to Lt. Hines and brought them to the office where they were reprimanded by Lt. Hines. There, when the inmates attempted to fight they were immediately separated, and the issue was resolved and both inmates signed a living agreement. (Docs. 23-2; Doc. 23-4).

9

**OBJECTION 7:**

Objection is asserted as to the Court's conclusion regarding the factual allegations: "Further, the factual allegations in Snow's complaint demonstrate 'that the defendant[s] subjectively knew that [Snow] faced a substantial risk of serious harm from [his inmate attacker].'" (Recommendation , p. 21).

**RESPONSE 7:**

Respectfully, and incorporating by reference as if fully set forth in this specific response, all the responses set forth in this Objection, the record does not reflect that Officer Weathers and/or Lt. Hines were aware of a particular threat or fear felt by Plaintiff Snow.  The record further does not reflect that there were specific facts from which an inference could be drawn that a substantial risk of serious harm existed for Plaintiff Snow and of which Officer Weathers and/or Lt Hines could have drawn an inference.  Respectfully, the record further does not reflect that such an inference was drawn by Officer Weathers and/or Lt. Hines.

**OBJECTION 8:**

Objection is asserted as to "Indeed, Snow alleges that both Hines and Weathers knew of the initial altercation between Snow and the other inmate." (Recommendation , p. 21).

**RESPONSE 8:**

Again, as noted above, the record reflects that both Lt. Hines and Officer Weathers knew about only a "verbal" altercation." The record reflects that on January 5, 2017, while conducting a Security check in D-Dormitory,

Correctional Officer Cedric Weathers saw Plaintiff Snow and inmate Lawson engaged in a verbal altercation, (Doc. 23-2), and reported this "verbal" altercation to Lt Hines.

**OBJECTION 9:**

Objection is asserted as to "Further, Snow alleges that Hines instructed him to fight the other inmate and that both defendants watched the fight and stepped in to stand him up so the fight could continue." (Recommendation , p. 21).

**RESPONSE 9:**

The record is devoid of evidence, other than Plaintiff's conclusory allegations, that he was injured in a fight that Lt. Hines purportedly forced him to engage in with another inmate. Plaintiff's conclusory allegation regarding how he was injured is further contrary to his prior statements, other inmate witness' prior statements and his medical records. In addition there is nothing in the record to support his allegations that was there was a fight in the presence of Lt. Hines and Officer Weathers that Lt. Hines purportedly forced him to engage in. Moreover, Plaintiff's conclusory allegations cannot withstand a motion for summary judgment as Plaintiff's self-serving, conclusory statements in his verified complaint are insufficient to create a genuine question of fact regarding how his injury occurred. See Holifield, 115 F.3d at 1564 n. 6; Fullman v. Graddick, 739 F.2d 553, 556–57 (11th Cir. 1984) ("mere verification of a party's own conclusory allegations is not sufficient to oppose a motion for summary judgment"); see also Larken v. Perkins, 22 Fed.Appx. 114, 115 n.*

(4th Cir. 2001) (noting that the district court properly found a party's "own, self-serving affidavit containing conclusory assertions and unsubstantiated speculation ... insufficient to stave off summary judgment"). A court will not resolve facts in the plaintiff's favor based solely on the unsupported allegations in the plaintiff's complaint if the defendant presents undisputed evidence to the contrary. See Legg, 428 F.3d 1317 at 1323 (11th Cir. 2005).

**OBJECTION 10:**

Objection is asserted as to "Finally, he alleges that he was injured because his shoulder was separated." (Recommendation , p. 21).

**RESPONSE 10:**

Plaintiff's injury from falling out of his bed is well documented by way of witness statements, his own statements and his medical records. The record is devoid of evidence that Plaintiff Snow allegedly injured his shoulder by being purportedly slammed to the ground in a fight that Lt. Hines allegedly forced him to engage in.

**OBJECTION 11:**

Objection is asserted as to "Thus, the court concludes that plaintiff's allegations, which are disputed by the defendants, satisfy the subjective component of his deliberate indifference claims." (Recommendation , p. 21).

**RESPONSE 11:**

Respectfully, and incorporating by reference as if fully set forth in this specific response, all the responses set forth in this Objection, the record does not reflect that Officer Weathers and/or Lt. Hines were aware

12

of a particular threat or fear felt by Plaintiff Snow. The record further does not reflect that there were specific facts from which an inference could be drawn that a substantial risk of serious harm existed for Plaintiff Snow and of which Officer Weathers and/or Lt Hines could have drawn an inference. Respectfully, the record further does not reflect that such an inference was drawn by Officer Weathers and/or Lt. Hines.

**OBJECTION 12:**

An objection is respectfully asserted to the Court's conclusion that "as a matter of law that the defendants cannot demonstrate they were acting within the scope of their discretionary authority, when they allegedly forced Snow to fight another inmate." And an objection is further respectfully asserted to that section of the Recommendation which states, "the court reads *Farmer* and *Hudson* to direct that such conduct is 'inconsistent with penological objectives,' and thus cannot support a finding by this court that defendants acted pursuant to their discretionary authority. *Id*" (Recommendation p. 13).

**RESPONSE 12:**

Defendants were acting within the scope of their discretionary authority.

Respectfully submitted,

STEVE MARSHALL
ATTORNEY GENERAL


 /s/ MARY GOLDTHWAITE
MARY GOLDTHWAITE
Assistant Attorney General
Counsel for Defendants

OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, AL  36130
(334) 353-9189 (T)
(334) 353-8400 (F)
Mary.Goldthwaite@AlabamaAG.gov


**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2020, I electronically filed the foregoing Objection in Part to the Recommendation of the Magistrate Judge with the Clerk of the Court, using the CM/ECF system, and that I have further served a copy on the Plaintiff, by placing same in the United States Mail, postage prepaid, and properly addressed as follows:

   Brian M. Snow, AIS #228680
   Alabama Therapeutic Education Facility
   102 Industrial Pkwy.
   Columbiana, AL 35051

 /s/ MARY GOLDTHWAITE
OF COUNSEL

14